IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SAMUEL SAN MIGUEL, Institutional ID No. 05687259, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:19-CV-096-BQ |
| MARSHA McLANE, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Samuel San Miguel filed this 42 U.S.C. § 1983 action on May 24, 2019, alleging Defendants violated his constitutional rights by, among numerous other claims, housing him in solitary confinement. ECF No. 1. For the reasons below, the undersigned recommends that this action be dismissed for failure to prosecute and comply with Court orders.

**I.     Background**

On July 15, 2019, the Court granted San Miguel permission to proceed *in forma pauperis*. ECF No. 18. In that order, the Court advised San Miguel that pursuant to 28 U.S.C. § 1915(e)(2), service of process would be "withheld pending judicial screening." *Id.* On July 17, 2019, the Court commenced its initial screening of San Miguel's Complaint. The Court entered an order requiring the Texas Civil Commitment Center and the Texas Civil Commitment Office to provide authenticated records related to San Miguel's claims. ECF No. 20. After reviewing the records, the Court entered an order on January 9, 2020, requiring San Miguel, within thirty days from the date of the order (i.e., February 8, 2020), to complete and return a questionnaire in accordance

1

with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976) so the Court could obtain additional information about the factual bases of his Complaint. ECF No. 34. In its order directing San Miguel to complete the questionnaire, the Court admonished San Miguel that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of his entire complaint." *Id.* That same day, the Clerk mailed the order and questionnaire to San Miguel's address on file with the Court. *See* "Clerk's Notice of delivery," dated January 9, 2020.

On February 13, 2020, San Miguel filed a motion asking the Court to extend the deadline to return the questionnaire. ECF No. 35. The Court granted the motion, giving San Miguel until February 24, 2020, to complete and return the questionnaire. ECF No. 36. In its order, the Court "admonished [San Miguel] that his failure to timely return the questionnaire may result in the Court conducting screening based on his pleadings alone or a recommendation that his case be dismissed." *Id.* As of the date of this report, San Miguel has not returned a completed questionnaire to the Court or submitted any other type of notice or pleading, nor has the questionnaire been returned as undeliverable.

## II. <u>Involuntary Dismissal</u>

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

As noted above, the Court commenced its initial screening of San Miguel's Complaint by ordering the production of authenticated records, which the Court received August 13, 2019. San Miguel's failure to respond to the questionnaire, however, thwarts the Court's ability to further review the case. In this posture, a court is basically at the mercy of a litigant who refuses to respond to a court order. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the Court to timely and efficiently manage its docket.[1]

This Court has previously dismissed other plaintiffs' claims for failing to return the Court's questionnaires. *See, e.g., Garcia v. Giles W. Dalby's CF, et al.*, No. 5:15-CV-040-BG, slip. op. at 1 (N.D. Tex. Nov. 4, 2015), *R. & R. adopted by* No. 5:15-CV-040-C (N.D. Tex. Dec. 3, 2015) (recommending dismissal of complaint without prejudice for failure to return questionnaire); *see also Cavit v. Thaler*, No. 3:09–CV–1850–N, 2010 WL 342244, at *2 (N.D. Tex. Jan. 28, 2010) (adopting recommendation to dismiss 28 U.S.C. § 2254 petition because petitioner failed to respond to court's questionnaire); *Swaissi v. Nichols*, No. 3:01-CV-2405-L, 2002 WL 1477429 (N.D. Tex. July 5, 2002) (adopting magistrate judge's recommendation to dismiss case without prejudice where inmate did not timely respond to court's questionnaire, even after he updated address). Because San Miguel has not responded to the questionnaire, the District Court should dismiss this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13-CV-114-C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (Cummings, J.) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

---

[1] The undersigned notes San Miguel has continued to file responses or pleadings in other cases pending before this Court. *See, e.g., Samuel San Miguel v. John Cochran, et al.*, Civil Action No. 5:20-CV-041-BQ, ECF No. 11 (Opposition to Defendant John Cochran and Taylor Caldwell's 12(b)(6) Motion to Dismiss, filed 3/27/20).

3

### III. Conclusion

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss San Miguel's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: March 31, 2020

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE